Morris Eder, J.
Motion to dismiss complaint for insufficiency in law is denied. Three causes of action are set forth. The complaint, in each cause of action, alleges that plaintiff’s designers created an original, distinctive and appealing pattern, style No. 346, which was exhibited to defendant in the expectation of obtaining orders from defendant, and that as a condition of showing plaintiff’s line of merchandise to defendant it agreed not to copy plaintiff’s patterns or to cause them to be copied directly or indirectly, and that defendant in breach and violation thereof agreed with a competitor of plaintiff to copy and manufacture for or sell to defendant a large quantity of fabric using the design of plaintiff’s said style No. 346, and that *340 defendant has offered for sale and sold and is still offering for sale and selling large quantities of merchandise using plaintiff’s said style No. 346 as its model, to plaintiff’s damage in loss of profits. This, in substance, is the first cause of action.
The second cause of action alleges unfair competition, predicated on substantially the same facts as the first cause of action.
The third cause of action is based on fraud in misrepresenting to plaintiff that defendant desired the said sample for the purpose of deciding on purchasing plaintiff’s goods when in fact it had no such intention, but in reality its desire and intent were to obtain and utilize the sample to copy the design, which the defendant has done to plaintiff’s damage.
The relief sought is that defendant be permanently enjoined and restrained from the use of said design and that defendant be directed to give an accounting to plaintiff of the profits realized by it from the use of said design and for damages sustained by plaintiff in consequence of said acts of the defendant.
Defendant’s position appears to be that the first cause of action sets forth merely an agreement to agree to purchase plaintiff’s merchandise if the design proved satisfactory, but that no terms were ever finally agreed upon, hence it is not an enforcible agreement.
As to the claim of unfair competition, it is opposed as a basic contention on the premise that this cause of action is an untenable one in the absence of allegation that defendant has palmed off or is palming off its goods as that of plaintiff in the use of said pattern and design, hence the complaint in this cause of action fails to set forth a maintainable cause of action. The defendant’s said premise is asserted as to the third cause of action for fraud.
These claims advanced by defendant are viewed as unpersuasive. The basic premise upon which the plaintiff proceeds throughout, as to the first and second causes of action, as I comprehend it, is that of a willful misappropriation of plaintiff’s property in the exclusive pattern and design alleged to have been pirated by the defendant, constituting unfair competition, and injunctive relief against such continued wrong is sought as well as accounting; and the third cause of action is one to recover damages by reason of defendant’s false statements and representations.
The “ palming off ” theory is no longer the sole and exclusive criterion or governing test of the right to relief; the law being of necessity progressive and expansive, the more modern rule is, as illustrated by the cases of Margolis v. National Bellas *341 Hess Co. (139 Misc. 738, affd. 235 App. Div. 839, Shientag, J.) and Metropolitan Opera Assn. v. Wagner-Nichols Recorder Corp. (199 Misc. 786, Greenberg, J.) that protection will be afforded, regardless of palming off, where there is copying or imitation under circumstances generally classified under the heading of unfair competition. In the Margolis case Judge Shientag directed attention to the fact that (as here) the plaintiff’s style was an original creation and design and was obtained by the defendant from the plaintiff under an express agreement and that it was actually copied and used by the defendant in violation of its express contract with the plaintiff and under circumstances constituting a breach of trust and confidence, and granted judgment for plaintiff.
In the Metropolitan Opera case Judge Greenberg, in an extended analysis, reviews the rule applicable to cases of piracy and unfair competition and his comprehensive and instructive opinion points out that the “ palming off ” rule is no longer the controlling test but, rather, that the governing principle which the courts now apply is the broader one that the courts will protect against any act which involves a property right of commercial value, and directs attention that “ The doctrine of extending unfair competition beyond cases of ‘ palming off ’ has similarly been recognized and applied by the courts of this State. * * * Thus an allegation of 1 palming off ’ is not essential to a cause of action for unfair competition ”. (P. 795.) Again (p. 796): “ The modern view as to the law of unfair competition does not rest solely on the ground of direct competitive injury, but on the broader principle that property rights of commercial value are to be and will be protected from any form of unfair invasion or infringement ”.
The Margolis and Metropolitan Opera cases are an exposition of sound law and sustain plaintiff’s right to recover, and it is my ultimate conclusion that the complaint in each instance sets forth facts constituting a cause of action, legally sufficient as to each cause of action.
Settle order.